Peter C. Bernhard, NV Bar No. 734
Georganne W. Bradley, NV Bar No. 1105
Timothy J. Geswein, NV Bar No. 10049
BULLIVANT HOUSER BAILEY PC
3883 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone No.(702) 669-3600
Facsimile No. (702) 650-2995
E-Mail: peter.bernhard@bullivant.com
E-mail georganne.bradley@bullivant.com
E-Mail: tim.geswein@bullivant.com

Robert Jay Moore
MILBANK TWEED HADLEY & McCLOY, LLP
601 S. Figueroa Street, 30th Floor
Los Angeles, CA 90035
Telephone: (213)892-4000
Facsimile: (213)629-5063

Counsel for Compass Financial Partners LLC

**E-FILED December 11, 2007**

Bullivant|Houser|Bailey PC
3883 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: (702) 6569-3600
Facsimile: (702) 650-2995

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>USA COMMERCIAL MORTGAGE COMPANY,<br>Debtor. | Case No. BK-S-06-10725 LBR<br>Case No. BK-S-06-10726 LBR<br>Case No. BK-S-06-10727 LBR<br>Case No. BK-S-06-10728 LBR<br>Case No. BK-S-06-10729 LBR |
| In re:<br>USA CAPITAL REALTY ADVISORS, LLC,<br>Debtor. | Chapter 11<br>Jointly Administered Under<br>Case No. BK-S-06-10725 LBR |
| In re:<br>USA CAPITAL DIVERSIFIED TRUST DEED FUND, LLC,<br>Debtor. | **Adversary No. 06-1212 LBR** |
| In re:<br>USA CAPITAL FIRST TRUST DEED FUND, LLC,<br>Debtor. | **MOTION TO APPROVE SETTLEMENT AND COMPROMISE OF CLAIM** |
| In re:<br>USA SECURITIES, LLC,<br>Debtor. | |
| Affects:<br>☐ All Debtors<br>☒ USA Commercial Mortgage Company<br>☐ USA Securities, LLC<br>☐ USA Capital Realty Advisors, LLC<br>☐ USA Capital Diversified Trust Deed Fund, LLC<br>☐ USA First Trust Deed Fund, LLC | **Date: TBD (OST requested)**<br>**Time: TBD**<br>**Place: Foley Federal Building**<br>**300 Las Vegas Blvd., South**<br>**Third Floor**<br>**Las Vegas, Nevada 89101** |
| BINFORD MEDICAL DEVELOPERS, LLC, an Indiana Limited Liability Company,<br>Plaintiff,<br>vs. | |

| | |
|---|---|
| COMPASS FINANCIAL PARTNERS, LLC, and FIDELITY NATIONAL TITLE GROUP,<br><br>Defendants. | |
| COMPASS FINANCIAL PARTNERS, LLC,<br><br>Counterclaimant,<br><br>vs.<br><br>BINFORD MEDICAL DEVELOPERS LLC, an Indiana Limited Liability Company,<br><br>Counterdefendant. | |

Defendant and Counterclaimant, COMPASS FINANCIAL PARTNERS LLC, a Nevada limited liability company ("Compass"), moves this Court for an order approving the settlement of the above-captioned adversary proceeding including the compromise of the claim of Binford Medical Developers LLC ("Binford") asserted by Binford in the Chapter 11 case of USA Commercial Mortgage ("USACM").

This motion and is made and based upon Rules 9014 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9014 and 9019 of the Local Rules of Bankruptcy Procedure for the District of Nevada (the "Local Rules"). This Motion is supported by the Memorandum of Points and Authorities included herein, the attached exhibits, all papers and pleadings on file, and any oral argument the court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The duly authorized representatives of Compass and Binford participated in a settlement conference held with Judge Nakagawa on November 6, 2007. As a result of the settlement conference, Compass and Binford were able to resolve the parties' disputes as well as compromise Binford's general unsecured claim against the USACM Liquidating Trust.

By and through this motion, Compass seeks an order approving the settlement. The settlement's terms and conditions were put on the record after the settlement conference and were memorialized in a written Settlement Agreement that was prepared in conformity with the

Bullivant|Houser|Bailey PC
3883 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: (702) 6569-3600
Facsimile: (702) 650-2995

settlement terms put on the record. A copy of the Settlement Agreement is attached hereto as **Exhibit A** and incorporated herein by this reference (the "Settlement Agreement"). The terms and conditions set forth in the Settlement Agreement are hereinafter sometimes referred to as the "Settlement".

As part of the Settlement, Binford agreed to reduce its general unsecured claim asserted in the USACM Chapter 11 case from more than $3.5 million to $925,000. Binford's claim was asserted by the filing of its Proof of Claim, a copy of which is attached hereto as Exhibit B. By and through this motion, Compass requests that the Court approve the compromise of the Binford's claim, subject to the approval of the USACM Liquidating Trust.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Bullivant|Houser|Bailey PC
3883 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: (702) 6569-3600
Facsimile: (702) 650-2995

1. On or about August 31, 2005 (the "Origination Date"), USACM originated a commercial loan on behalf of approximately 53 direct lenders (together with direct lenders who advanced funds to Binford after the Origination Date, the "Direct Lenders") to Binford in the principal amount of $4,250,000.00 (the "Binford Loan").

2. The Binford Loan was intended to finance the construction of a medical office building to be known as the "Binford Medical Complex" located at 65th Street and Binford Boulevard in Indianapolis, Indiana (the "Property").

3. Binford's obligations under the Binford Loan were personally guaranteed by its principal, Kenneth E. Schmidt (the "Guarantor").

4. The Binford Loan was evidenced by a Construction Loan Agreement, dated August 31, 2005, between Binford and the Direct Lenders.

5. On or about August 31, 2005, Binford executed a Promissory Note Secured by Mortgage, dated August 31, 2005 (as amended, the "Promissory Note"), in favor of the Direct Lenders in the amount of $4,250,000.00.

6. On or about August 31, 2005, as collateral for the Promissory Note, Binford executed a Mortgage, Security Agreement and Assignment of Rents, dated August 31, 2005, granting the Direct Lenders a first priority mortgage lien upon and security interest in the Property (the "Mortgage").

7. Additional funds were loaned to Binford by the Direct Lenders pursuant to six Amendments to Loan Documents, such that the principal of the Binford Loan was increased to $7,450,000.00, and the total number of Direct Lenders in the Binford Loan was increased to 92.

8. Pursuant to the Binford Loan documents, on or after August 31, 2005, amounts were forwarded by the Direct Lenders to a construction control account maintained by Fidelity National Title Group ("Fidelity"), the current balance of which is approximately $330,000.00 (the "Fidelity Escrow Amount").

9. USACM acted as servicer of the Binford Loan on behalf of the Direct Lenders from the Origination Date through February 16, 2007, pursuant to various loan servicing agreements by and between the Direct Lenders, individually, and USACM (the "LSAs").

10. On April 13, 2006, USACM, USA Capital First Trust Deed Fund, LLC ("FTDF"), and three other affiliates of USACM (collectively, the "Debtors") commenced chapter 11 cases in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"), styled *In re USA Commercial Mortgage Company, et al.*, which were jointly administered under Chapter 11 Case No. BK-S-06-10725 (LBR).

11. On November 7, 2006, Binford commenced an adversary proceeding in the Debtors' chapter 11 cases, styled *Binford Medical Developers, LLC v. USA Commercial Mortgage Company and Fidelity National Title Group*, Adversary No. 06-01212-LBR (the "Adversary Proceeding"), in which Binford alleged breach of contract, breach of the covenant of good faith and fair dealing, intentional misrepresentations, and requested declaratory and injunctive relief against USACM and Fidelity.

12. On November 30, 2006, USACM filed a Counterclaim for Declaratory Relief in the Adversary Proceeding.

13. On January 17, 2007[1], after a hearing on USACM's Motion for Partial Summary Judgment, this Court granted partial summary judgment to USACM ordering that (i) there is no obligation by the Direct Lenders to loan Binford additional funds; (ii) the Direct Lenders have

[1] The Order Granting Partial Summary Judgment was entered August 30, 2007.

Bullivant|Houser|Bailey PC
3883 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: (702) 6569-3600
Facsimile: (702) 650-2995

Bullivant|Houser|Bailey PC
3883 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: (702) 6569-3600
Facsimile: (702) 650-2995

the right but not the obligation to fund additional monies to Binford; (iii) the failure to loan additional funds to Binford is not a breach by the Direct Lenders of the Binford Loan documents; (iv) the failure of USACM to loan additional funds to Binford under a "side agreement" between USACM and Binford is not the basis for any claim by Binford against the Direct Lenders; and (v) USACM as a loan servicer (but not its successor loan servicer) is estopped from instituting foreclosure proceedings against Binford.

14. Effective February 16, 2007, Compass acquired substantially all of the assets of USACM and FTDF, including, among other things, FTDF's participation as a Direct Lender in the Binford Loan in the principal amount of $1,285,000.00 and USACM's rights under each LSA, all accrued default rate interest, servicing fees, late charges, success fees and other fees and sums due the servicer under the LSAs, pursuant to an Asset Purchase Agreement, dated as of December 7, 2006 (the "Sale"), which was approved by the Bankruptcy Court by Order entered January 8, 2007, confirming the Debtors' chapter 11 plan of reorganization (the "Plan").

15. Binford was served with notice of the proposed Sale, and did not file an objection thereto.

16. Compass acquired the Debtors' assets, including the assets related to the Binford Loan, free and clear of all liens, claims, encumbrances and other interests pursuant to the Plan and 11 U.S.C. §363(f).

17. On March 26, 2007, in accordance with Section IV(D)(1) of the Plan, Compass filed a Notice of Election to Prosecute and Defend Pending Litigation, Pursuant to Debtors' Confirmation Chapter 11 Plan of Reorganization, pursuant to which Compass elected to prosecute and defend USACM's rights in the Adversary Proceeding.

18. On or about April 25, 2007, Smith Development and Construction Company, Inc., an Indiana corporation, the general contractor hired by Binford to construct the Binford Medical Complex on the Property (the "Contractor"), filed a Complaint For Declaratory Judgment and Other Relief in the Marion Circuit Court in Indiana (the "Indiana State Court"), naming Binford, Compass, and Fidelity as defendants, and seeking, among other things, entry of

an order directing that the Fidelity Escrow Amount be paid directly to the Contractor (the "State Court Action").

19. On August 16, 2007, the Indiana State Court entered an Order directing Fidelity to deposit the Fidelity Escrow Amount into the registry of the Indiana State Court, and dismissing Fidelity as a party to the State Court Action, and the Fidelity Escrow Amount was subsequently deposited into the registry of the Indiana State Court.

20. On or about July 18, 2007, Compass filed a Cross-Claim against Binford in the State Court Action seeking foreclosure upon the Property in accordance with Indiana law and the Binford Loan documents (the "Foreclosure Action").

21. On November 6, 2007, pursuant to this Court's Order Scheduling Settlement Conference entered September 24, 2007, Compass and Binford, through their direct representatives and counsel, with the participation of Stuart Madsen, a Direct Lender, the then Loan Captain on the Binford Loan and member of the Board of Binford Lenders LLC, engaged in a settlement conference before the Hon. Mike K. Nakagawa, at which an agreement in principle was reached and read into the record resolving all pending disputes among the parties to this proceeding, subject to certain conditions, all as more fully set forth below.

Bullivant|Houser|Bailey PC
3883 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: (702) 6569-3600
Facsimile: (702) 650-2995

## III. Summary of Settlement Terms

Compass and Binford have agreed to settle this adversary proceeding and other matters relating to and arising from and in connection with the Binford Loan on the terms and subject to the conditions set forth in the attached Settlement Agreement. The following is a summary of the material terms of the Settlement:

A. The parties agree that as of November 6, 2007, the allowable debt due and owing by Binford to the Direct Lenders and Compass on the Binford Loan is $10,521,978.52, with respect to which Binford has no defense or right of offset or recoupment;

B. The parties agree that as of November 6, 2007, the "as-is", fair market value of the Property is approximately $5.4 million, the liquidation value of the Property

Bullivant|Houser|Bailey PC
3883 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: (702) 6569-3600
Facsimile: (702) 650-2995

is approximately $4.1 million, and the value of the Property on a fully built-out, leased, and stabilized basis, assuming 12 months of marketing, is approximately $6.66 million;

C. Binford will pay Compass (on behalf of the Direct Lenders) the sum of $5.4 million (the "Discounted Payoff") at a closing date to occur no earlier than the later of (i) the 11th day following the entry of this Court's order approving the settlement, and (ii) March 31, 2008 (the "Closing Date");

D. Effective as of the Closing Date, Binford, the Guarantor, and the Contractor will dismiss with prejudice all claims against Compass and the Direct Lenders in the State Court Action currently pending in Indiana;

E. Effective as of the Closing Date, Compass and the Direct Lenders will consent to the release to the Contractor of the Fidelity Escrow Amount currently held in the registry of the Indiana State Court;

F. Effective as of the Closing Date, Binford, the Guarantor, Compass, and the Direct Lenders will exchange mutual releases and Binford and Compass will file dismissals with prejudice in this adversary proceeding;

G. Effective as of the Closing Date, Compass and the Direct Lenders will exonerate and release the Guarantor on his personal guaranty;

H. Binford's unsecured claim against the USACM chapter 11 estate shall be allowed in the amount of $925,000.000; and

I. Compass shall not be prevented from, and may, continue to pursue the Foreclosure Action to a judgment or decree of foreclosure; provided, however, that Compass may not schedule or complete a foreclosure sale of the Property on a date on or prior to the Closing Date.

The effectiveness of the Settlement is subject to the satisfaction prior to the Closing Date of each of the following conditions precedent: (a) unconditional approval of the Discounted Payoff amount by the Direct Lenders; (b) entry of an Order from this Court approving the Settlement Agreement; (c) approval by the USACM Liquidating Trust of an allowed unsecured

Bullivant|Houser|Bailey PC
3883 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: (702) 6569-3600
Facsimile: (702) 650-2995

claim of $925,000.00 in favor of Binford; and (d) the Contractor's agreement to dismiss any claims against Compass and the Direct Lenders with prejudice.

## IV. Legal Authority and Argument

Compass respectfully submits that this Court should approve the parties' Settlement, including the compromise of Binford's claim. Bankruptcy Rule 9019 authorizes the bankruptcy court to approve a compromise or settlement on motion by the trustee after notice and hearing. In a contested matter not otherwise governed by the Bankruptcy Rules, relief shall be requested by motion, and "reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Fed. R. Bankr. P. 9019(a). The "plaintiff or moving party must promptly advise the court in writing when any adversary proceeding or contested matter is settled." Local Rule 9019(b). When any party gives notice of a motion for the approval of a compromise, that party must either include in the notice a summary of the essential terms of the compromise or serve a copy of the compromise with the notice. Local Rule 9019(c).

The law favors compromise and not litigation for its own sake. In re A&C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied sub nom.*, Martin v. Robinson, 479 U.S. 854, 107 S.Ct. 189, 93 L.Ed.2d 122 (1986). Instead, a Court should approve settlements that it finds were negotiated in good faith and are reasonable, fair, and equitable. Id. The Ninth Circuit Court of Appeals has long held that the bankruptcy courts have great latitude in approving compromise agreements. Woodson v. Fireman's Fund Ins. Co., 839 F.2d 610, 620 (9th Cir. 1988). The Court need not conduct an exhaustive investigation into the validity or merits of the claims sought to be compromised between the trustee and creditors. United States v. Alaska National Bank, 669 F.2d 1325, 1328 (9th Cir. 1982). Instead, if the compromise is reasonable, fair, and adequate as determined by: 1) the probability of success in the litigation, 2) the difficulties, if any, to be encountered in the matter of collection, 3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it, and 4) the paramount interests of the creditors and a proper deference to their reasonable views, the compromise should be approved. A&C Properties, 784 F.2d at 1381.

In the instant case, the Settlement was negotiated in good faith. Judge Nakagawa presided over and mediated the parties' settlement conference. Separately and in joint meetings, representatives of Binford and Compass and their respective counsel, as well as a Direct Lender, Stuart Madsen, met with Judge Nakagawa over the course of the negotiations. As a result of the negotiations, the parties were able to reach a mutually acceptable agreement. Judge Nakagawa found that the settlement was reached after "substantial good faith negotiation between the parties." *See* Transcript of Proceedings, November 6, 2007, pg. 5, lines 1-3, and pg. 10, lines 9-12, attached hereto as **Exhibit B**.

The Settlement is reasonable, fair, and equitable. It recognizes the relative strengths of the parties' positions, the current value of the Property, as well as the unique procedural posture of the Adversary Proceeding and the Indiana Action. It resolves all claims asserted in the Complaint and the Counterclaim by awarding Binford a general unsecured claim for some of the damages alleged to have been suffered by Binford by USACM and by authorizing the release of the Fidelity Escrowed Funds to the Contractor. It is important to note that if this Adversary Proceeding is resolved through a trial, a decision in either Binford's or Compass' favor will not resolve the issues associated with Binford's failure to repay the Binford Loan. Compass' foreclosure proceeding would nevertheless go forward, and the Direct Lenders would receive no payment until the foreclosure is completed. This Settlement will result in payment of the Direct Lenders a portion of the Binford Loan amount and avoid the necessity of having to foreclose to enforce the Direct Lenders' security interest in the Property. If the Settlement is not approved, the parties would incur substantial expense both in this Adversary Proceeding and in the Indiana Foreclosure Action.

In addition to resolving the claims asserted in the Adversary Proceeding, the Settlement resolves Binford's asserted general unsecured claim, which has been objected to by the Liquidating Trust. A copy of Binford's Proof of Claim, without attachments, is attached hereto as **Exhibit C**. The Binford claim is based solely upon the claims asserted by Binford in this Adversary Proceeding, and a copy of the Binford's Complaint is attached to its Proof of Claim. Approval of this Settlement will save time and money that would otherwise be spent by the

Bullivant|Houser|Bailey PC
3883 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: (702) 6569-3600
Facsimile: (702) 650-2995

trustee of the Liquidating Trust, and therefore benefits the USACM estate. Moreover, the compromise results in the reduction of Binford's claim by more than $2.5 million, thereby potentially resulting in more money available to other creditors.

## V. CONCLUSION

For the reasons stated above, Compass respectfully requests that the Court approve the Settlement on the terms and conditions set forth in the Settlement Agreement, including but not limited to the allowance of general unsecured claim in favor of Binford in the USACM Chapter 11 case in the amount of $925,000.

DATED: December 11, 2007.

BULLIVANT HOUSER BAILEY, PC

By: Georganne W. Bradley
Georganne W. Bradley, NV Bar No. 1105
3883 Howard Hughes Pkwy., Ste. 550
Las Vegas, Nevada 89169

Attorneys for Compass Financial Partners LLC

* * * * *

7031232.2

Bullivant|Houser|Bailey PC
3883 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89169
Telephone: (702) 6569-3600
Facsimile: (702) 650-2995